---

### Ex parte HART.

(Circuit Court, D. Maryland. January 15, 1894.)

1. INTERSTATE EXTRADITION—INFORMATION AS AFFIDAVIT.

An information stating facts on which it charges a crime, sworn to by a prosecuting attorney before a notary public or the clerk of the court, and filed in court, having on its back the names of witnesses examined at the time of filing, on which the court orders the arrest of the accused, meets the requirement in Rev. St. § 5278, of "an affidavit made before a magistrate" charging the crime.

2. SAME—SUFFICIENCY OF FACTS CHARGED.

The accused in a case of interstate extradition should not be discharged because it may be doubtful whether, on the facts stated in the application for the requisition, the transaction complained of constituted a crime, where the question involves the construction of statutes of the state demanding him.

At Law. Petition of Samuel H. Hart for habeas corpus. Petitioner remanded.

Wm. Pinkney White and Joseph White, for petitioner.

John P. Poe, Atty. Gen., for the State of Maryland.

MORRIS, District Judge. Habeas corpus to release petitioner, who is held in custody under a warrant from the governor of Maryland, as a fugitive from justice, upon the requisition of the governor of Washington, to be conveyed to the state of Washington, to answer a charge of larceny by embezzlement. Section 5278 of the Revised Statutes of the United States provides that a fugitive from the justice of another state shall be delivered up by the executive of the state to which he has fled whenever the executive of the state in which the fugitive has committed the crime demands his return and produces "a copy of an indictment found or an affidavit made before a magistrate of any state or territory charging the person demanded with having committed treason, felony or other crime."

In Roberts v. Reilly, 116 U. S. 95, 6 Sup. Ct. 291, it was said:

"It must appear, therefore, to the governor of the state to whom such demand is presented, before he can lawfully comply with it—First, that the person demanded is substantially charged with a crime against the laws of the state from which he is alleged to have fled by an indictment or an affidavit certified as authentic by the governor of the state making the demand; and, second, that the person demanded is a fugitive from the justice of the state, the executive authority of which makes the demand. The first of these prerequisites is a question of law, and is always open upon the face of the papers to judicial inquiry, on application for a discharge under a writ of habeas corpus. The second is a question of fact, which the governor of the state upon whom the demand is made must decide, upon such evidence as he may deem satisfactory."

In the present case there was no copy of an indictment, but, in lieu thereof, a copy of an information, which had been filed in the superior court of Pierce county, in the state of Washington, by the prosecuting attorney of that county, and which had been sworn to by him, charging Hart, the petitioner, with the crime of larceny by embezzlement. Although in similar proceedings of interstate extradition it has been, in some cases, held that a copy of an information is a substitute for an indictment, and gratifies the requirement of the act of congress, I should hesitate to so hold. An indictment by a grand jury results from an investigation and hearing of sworn testimony by a body of jurors drawn from the whole community. At least 12 must unite in its finding, while an information may be the action of the prosecuting officer alone. Considering the great difference between them, and the distinction because of this difference which has been zealously maintained in the federal constitution, in the acts of congress, and in the rulings of the United States supreme court, I cannot think that it is a fair interpretation of the requirement to hold that a simple information may be substituted for an indictment found by a grand jury.

The substitute for an indictment provided by the statute is a copy of "an affidavit made before a magistrate of any state or ter-

ritory, charging the person demanded with having committed treason, felony, or other crime." Does the copy of the information sworn to by the prosecuting attorney, and certified as authentic by the governor of Washington, meet the requirements of this clause of the law?

The information sets out certain facts, and, upon these facts, charges Hart with the crime of larceny by embezzlement. It is sworn to by the prosecuting attorney, and filed in court. On the back nine names are given as witnesses examined and known at the time of filing the information. Then follows an order of the judge of the court, reciting the filing of the indictment found, and directing a warrant to issue for the arrest of Hart; and then follows the warrant of arrest, and the return of the sheriff of Pierce county, that Hart could not be found in the state of Washington. I can see no sufficient reason why this information, thus sworn to, should not be considered as a substantial compliance with the requirement that there shall be produced an affidavit made before a magistrate charging the person demanded with the crime. The same paper, properly sworn to by a private person as true, and called an "affidavit," and not an "information," would be sufficient in every particular. Why should not the same affidavit, made by a prosecuting officer, although called an "information," be received? It is objected that the prosecuting attorney does not swear to the existence of the facts set out on the paper, but only that he believes them to be true. But many, if not most, of the complaints upon which arrests for crime are ordered by magistrates, are made by officers of the law, who have investigated the facts, and made the oath upon the belief thus arrived at. In this case we find by the paper certified by the governor of Washington as part of his requisition that, upon this sworn information, the court in which it was filed acted and ordered the arrest, and we find nine witnesses named as examined at the time it was filed. It appears to me that, treating this information, not as a substitute for an indictment, but as an affidavit, charging the person demanded with the crime, it gratifies every requirement of the law. It is urged that, as to one of the two informations against Hart, it is not sworn to before a magistrate, but before a notary public; and, as to the other, that it is sworn to before the clerk of the court in which it was filed; and that, therefore, neither was sworn to before a magistrate. But both, it appears, were produced before the judge of the court in which they were filed, and accepted as sufficient, and became part of the regular judicial proceedings by which Hart was charged with the crime before a magistrate, and that the magistrate acted upon them, and ordered Hart's arrest. This, it seems to me, is a substantial compliance with the requirement of an affidavit made before a magistrate.

It is further objected that although the facts averred in the information, if proved, might be sufficient to convict Hart of the crime of larceny by embezzlement under the statute of Washington, still the facts set out in the application to the governor for the requisition are sufficient to show that the transaction complained of

did not constitute that crime, but was merely a failure to pay a creditor. This has seemed to me the most difficult question presented. It involves in part a construction of the statute law of the state of Washington, and in part the legal conclusion to be drawn from the affidavit. It may be said to raise a doubt, but it is that character of doubt which, under the circumstances of this case, the courts of the demanding state should, in my judgment, be permitted to solve. The party demanded was in that state, doing business there, and it was there that the whole transaction complained of took place. He was subject to the laws of that state; and in a case of interstate extradition, where there is no special hardship, and no evidence of any sinister purpose, it is proper that the courts of the demanding state should construe their own laws, and determine to what transactions they apply, and the party charged remanded, unless it is clear that, upon the facts shown by the papers, he cannot properly be found guilty.

The prisoner is remanded.